THE STATE v. MICHAEL FLYNN, Appellant.

Division Two, December 20, 1926.

**1. ROBBERY: Information.** An information charging that defendant, with force and arms, in and upon another did make an assault, and him in fear of an immediate injury to his person feloniously did put, and by force and violence eleven dollars, property of him, from his person and in his presence and against his will, with force and violence as aforesaid, feloniously and violently, did rob, steal, take and carry away, with felonious intent to permanently deprive the owner of the use thereof and to convert the same to his own use, is in form and substance a sufficient charge of robbery.

**2. EVIDENCE: Weight: Appellate Practice.** It is not the province of the appellate court to pass upon the weight of the evidence. If the evidence of defendant's guilt of the crime charged is substantial, this court will not undertake to say that the verdict was against the weight of the evidence.

**3. INSTRUCTIONS: General Assignment.** The trial court and the appellate court are entitled to know the specific grounds upon which instructions are assailed. Where the only assignment in the motion for a new trial

in a criminal case was that "the court erred in instruction on questions of law given to the jury," and appellant asked no instructions, did not object to those given for the State, and in his brief complains of no particular instruction, he has utterly failed to comply with the statute (Sec. 4079, R. S. 1919) which declares that the motion for a new trial must set forth the grounds therefor, and has failed to notify the trial court and this court of any supposed defect in the instructions, and they are therefore not for review.

Corpus Juris-Cyc. References: **Criminal Law,** 17 C. J., Section 3349, p. 87, n. 44; Section 3351, p. 90, n. 75; p. 91, n. 76; Section 3593, p. 255, n. 52, 55. **Robbery,** 34 Cyc., p. 1802, n. 38; p. 1808, n. 78; p. 1811, n. 95.

Appeal from Circuit Court of City of St. Louis.—*Hon. Anthony F. Ittner,* Judge.

AFFIRMED.

*Lawrence McDaniel* and *Harry Gershenson* for appellant.

(1) The uncorroborated testimony of the prosecuting witness is so contradictory, so at variance with the physical facts and the laws of nature and the circumstances as recited in the evidence upon that date, and so in conflict with the other evidence in the case, as to render it insufficient to support a conviction upon a criminal charge, and the court should have sustained the demurrer at close of the State's case and at close of all the evidence. Deering v. Saum, 56 Mo. 479. (2) The State wholly failed to prove that the defendant had in any manner been a party to the commission of the alleged crime; no weapons of any kind were found upon defendant Flynn; defendant Flynn did not brandish in any manner any weapon of any kind, or use any force or commit any crime or have any such intention. In such circumstances there can be no conviction. (3) The evidence in the case and the weight thereof was wholly insufficient, being uncorroborated in any respect as to its material issues to sustain a conviction, and defendant was not in any way linked with the commission of any offense. State v. Ferguson, 221 Mo. 524; State v. Johnson, 209 Mo. 346.

*North T. Gentry,* Attorney-General, and *James A. Potter,* Assistant Attorney-General, for respondent.

(1) The information was in due and proper form and has been expressly approved by this court. State v. Reich, 293 Mo. 415. (2) The evidence on the part of the State was direct, positive, reasonable, consistent and uncontradicted by any physical facts. Its sufficiency, therefore, needs no citation of authorities. Where there is any substantial evidence of guilt offered by the State, the case must be sub-

mitted to the jury. State v. Pollard, 174 Mo. 617; State v. Jackson, 283 Mo. 24. (3) The fourth assignment in the motion for new trial reads: "The court erred in instruction on questions of law given to the jury." This assignment of error is so vague, general, indefinite and uncertain that it does not comply with the 1925 amendment to our laws on criminal procedure, and therefore constitutes no valid assignment of error. Laws 1925, p. 198, sec. 4079. Moreover, the defendant failed to object or except to the giving of any or all of the instructions at the time they were offered and his attempt to complain of error in the instructions for the first time in his motion for new trial must be ignored. State v. Foster, 115 Mo. 448; State v. Bosler, 119 Mo. 417; State v. Day, 100 Mo. 242; State v. Arnewine, 136 Mo. 130; State v. Hall, 164 Mo. 528; State v. Woodward, 171 Mo. 593; State v. Sharp, 183 Mo. 715; State v. Walker, 248 S. W. 947; State v. Ellis, 290 Mo. 219; State v. Reich, 293 Mo. 415.

RAILEY, C.—On December 18, 1924, there was filed in the Circuit Court of the City of St. Louis, Missouri, by the assistant circuit attorney of said city, a verified information, which, omitting formal parts, reads as follows:

"Roy A. Fish, Assistant Circuit Attorney in and for the City of St. Louis aforesaid, within and for the body of the City of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows:

"That Michael Flynn and Robert Whittaker on the 25th day of November, in the year of our Lord one thousand nine hundred and twenty-four, at the City of St. Louis aforesaid, with force and arms, in and upon one Walter Jackson feloniously did make an assault; and the said Walter Jackson in fear of an immediate injury to his person, then and there feloniously did put, and by force and violence to his person, eleven dollars, lawful money of the United States, of the value of eleven dollars, all of the money and property of the said Walter Jackson, from the person and in the presence of Walter Jackson and against the will of the said Walter Jackson then and there, with force and violence as aforesaid, feloniously and violently did rob, steal, take and carry away, with the felonious intent then and there to permanently deprive the owner of the use thereof and to convert same to their own use; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Defendant was arraigned, entered a plea of not guilty, obtained a severance, was tried before a jury, and the latter, on February 19, 1925, returned the following verdict:

"We, the jury in the above entitled cause, find the defendant guilty of robbery in the first degree, as charged in the information, and

assess the punishment at imprisonment in the penitentiary for five years.''

The defendant excepted to the return of said verdict, and thereafter, on February 20, 1925, filed his motion for a new trial, which was overruled on April 9, 1925. Thereafter, on April 25, 1925, judgment was rendered and sentence pronounced in conformity with the verdict aforesaid. An appeal was granted defendant to this court.

Counsel for respondent have made a fair and accurate statement of the case as disclosed by the record, which we adopt as follows:

''The State offered the evidence of two witnesses, namely, Walter Jackson, and Officer Rudolph Bruns.

''Walter Jackson testified that on the 25th of November, 1924, he was driving a delivery wagon for the S. D. Rossi Wholesale Grocery Company at St. Louis; that about two o'clock in the afternoon, he left the Rossi Grocery House with a wagon full of groceries destined for various grocery stores in remote sections in the southwestern part of the city; that about six o'clock in the evening when he had reached a point near the intersection of Columbia and Sublette Avenues, a man, who was afterwards identified as Robert Whittaker, rushed out in the street, halloed, 'Stick them up,' to the witness, and threw a gun on the witness; that the witness stopped his team and the defendant Flynn held the horses while the said Whittaker robbed the witness of $11; that it was generally dark at that time, but that there was light enough at this point from a street lamp to enable the witness to identify the robbers; that after the robbery the witness continued to make deliveries of groceries, and that about 7:30 in the evening he was again passing near the scene of the robbery at a point near the intersection of Cooper and Southwest Avenues, when he was again held up by the defendant Flynn and the said Robert Whittaker; that on this occasion the defendant and Whittaker got up on the wagon seat and were in the act of robbing the witness when Officer Bruns, a mounted policeman, passed the delivery wagon; that the witness called to the officer and told him that the men were attempting to hold him up; whereupon, the officer arrested Whittaker and the defendant, and started with them to a police station signal box; that on the way to the signal box the said Whittaker escaped, but the defendant was held and sent to jail.

''Officer Rudolph Bruns testified that about 7:30 on the evening of November 25, 1924, while he was riding north on Cooper Avenue just north of Columbia Avenue, he saw a delivery wagon standing in Cooper Avenue; that just as he passed the delivery wagon some one halloed, 'Officer;' that he turned around and went back to the delivery wagon and the witness Jackson informed him that Whittaker and Flynn were holding him up; that Whittaker replied that Jackson was a liar, but the defendant made no comment. Officer Bruns testi-

315 Mo.—84.

fied that he placed Whittaker and Flynn under arrest, but that Whittaker escaped on the road to the police signal box. Bruns further testified that Whittaker and Flynn were in the wagon seat with the witness Jackson at the time Jackson called to him.

"The defendant testified in his own behalf and to the effect that he met Whittaker about six o'clock on the evening of November 25, 1924; that they were acquainted with each other prior to that time; that they visited one or two saloons and were together on Cooper Avenue at the point where the officer found them at the time testified to by the officer and by Jackson. He denied that he and Whittaker had robbed the witness Jackson earlier in the evening, and denied that he had seen the witness Jackson before 7:30 P. M. He testified that he and Jackson were going north on Cooper Avenue, and that they both lived a distance of something like a mile away; that they stopped the witness Jackson for the purpose of securing a ride toward their home and without any intention whatever of robbing him; that while he and Whittaker were in the act of mounting the wagon, Officer Bruns passed and was called back to the wagon by the witness Jackson; that Officer Bruns placed the defendant and Whittaker under arrest, but that Whittaker escaped on the road to the signal box.

"In addition to the testimony of the defendant, witnesses Millie McCormick, Zack Hall and Mary Downey testified to the good reputation of the defendant for being an honest, upright, law-abiding citizen."

**Information.**

I. The information heretofore set out is sufficient as to both form and substance. [State v. Dickens, 285 S. W. l. c. 447, and cases cited.]

II. The first and second grounds of the motion for a new trial charge that the verdict is against the law and against the evidence. The latter, heretofore set out, is amply sufficient to sustain the verdict rendered, which was in accordance with the law as declared in the Dickens case, supra, and the authorities therein collated.

**Sufficient Evidence.**

III. The third ground of the motion for a new trial recites that "the verdict is against the law and the weight of the evidence under the law."

**Weight.**

What we have said in the preceding proposition, applies with equal force to this assignment. Appellant was convicted upon *substantial* evidence. It is not the province of this court to pass upon the *weight* of the evidence. The above assignment is accordingly overruled.

IV. The fourth assignment of error in the motion for a new trial reads as follows: "The court erred in instruction on questions of law given to the jury."

**Instructions.** The defendant asked no instructions, nor did he object to any of those given by the State. Section 4079, Revised Statutes 1919, provides that: "The motion for a new trial shall be in writing, and must set forth the grounds or causes therefor." . . .

The assignment aforesaid utterly fails to comply with the plain requirements of above statute. It failed to notify the court as to any supposed defects in any of the instructions. It not only failed to inform the lower court as to anything alleged to be wrong with the instructions, but it has likewise left this court in the dark on the subject. The appellant in his brief complains of no instructions, except the refusal of his demurrer to the evidence, which was properly overruled for reasons heretofore stated. The trial court, and this court on appeal, are entitled to know the specific grounds on which instructions are assaulted.

In the recent case of State v. Knight, 278 S. W. l. c. 1039, approved in State v. Dickens, 285 S. W. 448, the motion for a new trial contained the following assignment of error: "The court erred in not instructing the jury upon all of the law in the case." In disposing of the question we said: "The above clause in a motion for a new trial is absolutely without value in a case of this character. The trial court is entitled to know, by referring to the motion for a new trial, what ground appellant is urging in support of same, in order that the trial court may have an opportunity to correct its error, if one has been made, and to grant a new trial without the necessity of appealing the case. Hence we have repeatedly ruled that the motion for a new trial 'must specify upon what point the court failed to instruct,' as was done in State v. Burrell, 298 Mo. 679, 252 S. W. 709, in which the motion for a new trial complained of the court's failure to instruct on manslaughter."

Without dignifying the subject by further discussion, we hold that the foregoing assignment of error is devoid of the slightest merit.

V. The fifth and last assignment of error in the motion for a new trial reads as follows: "Because on the law and the evidence the verdict should have been given for the defendant and defendant acquitted." This assignment has been disposed of in what we have previously said, and is overruled.

VI. There is no merit in any of the questions before this court. Defendant was properly convicted upon substantial evidence, after a fair and impartial trial. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.